**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEO SPECIALTY CHEMICALS, INC.,

    Plaintiff,

    v.                                   No.3:07-cv-727-J-12TEM

WASTEWATER TREATMENT SOLUTIONS
OF FLORIDA, INC., etc., et al,

    Defendants.

_____

O R D E R

This cause is before the Court on Defendants' Motion and Memorandum to Dismiss Amended Complaint (Doc.21)(Motion to Dismiss), filed October 26, 2007.  Plaintiff's memorandum in opposition to the Motion to Dismiss (Doc. 25) was filed November 13, 2007.  On November 21, 2007, Plaintiff's Motion for Partial Summary Judgment (Doc. 26) was filed, to which the Defendants filed a memorandum in opposition (Doc. 29) on December 13, 2007.  The Court heard oral argument on both motions on January 21, 2008.  For the reasons set forth below, the Court will deny both motions.

On July 9, 2007, Defendant Wastewater Treatment Solutions of Florida, Inc., d/b/a GenChem USA (GenChem), filed a complaint in the Circuit Court for Nassau County, Florida (Doc. 21, Exh. A).  The state court complaint contains four counts seeking relief for breach of confidential agreements, misappropriation of trade secrets, breach of fiduciary duty, and breach of contract.  The allegations supporting each count, including the breach of contract count, concern Plaintiff Geo Specialty Chemicals, Inc.'s (Geo) alleged breach

of an agreement between the parties to keep various details of purchases of chemicals by GenChem confidential.

On August 9, 2007, Geo filed a five-count Complaint (Doc. 1) in this Court, seeking payment for chemicals shipped to GenChem under theories of account stated, breach of contract, promissory estoppel, unjust enrichment, and fraud.  The allegations supporting each count, including the breach of contract count, concern GenChem's alleged non-payment for chemicals delivered.

On August 15, 2007, Geo served its federal court Complaint (Doc. 1) on GenChem and also issued a demand letter for payment of a worthless check.  On September 14, 2007, GenChem moved to deposit the disputed funds regarding the worthless check into the registry of the Court in Nassau County (Doc. 21 Exhibit C), which that court denied without prejudice for lack of proper notice to Geo (Doc. 21 at p. 8).  On October 11, 2007, Geo amended its federal Complaint (Doc.18) to add a count for recovery of the worthless check.

GenChem's Motion to Dismiss asserts that Geo's claims in this case are compulsory counterclaims and thus must be asserted in the state court case. GenChem maintains that the parties' claims arise out of the same transaction or occurrence or bear a logical relationship to one another such that they must be litigated in the same suit to avoid two parallel actions proceeding simultaneously, resulting in a waste of judicial resources and potentially conflicting results.   GenChem notes that its state court complaint recites that GEO may be entitled to off-set from any recovery moneys owed for chemicals purchased. GenChem also asserts that because its state court complaint was first-filed,  all of the parties claims should be litigated in the state court proceeding.

The Court is not convinced that the parties' claims are sufficiently interrelated to be deemed compulsory counterclaims. Federal Rule of Civil Procedure 13(a), which is incorporated by Florida Rule of Civil Procedure 1.170(a), provides that a counterclaim must be stated if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

In determining whether a party's federal claims are barred because they are compulsory counterclaims in an earlier state court action, the Court is mindful that the compulsory counterclaim rule is designed to foreclose the possibility of duplicative litigation and the rule must be given a broad, realistic interpretation to accomplish that goal. See, e.g., Puff 'N Stuff of Winter Park, Inc. v. Federal Trust Bank, F.S.B., 945 F.Supp 1523, 1530 ( M.D.Fla. 1996). A party's claim is part of the same transaction or occurrence if it meets any one of four criteria: 1) the issues of fact and law raised by the claim and counterclaim are largely the same; 2) res judicata would bar the purported counterclaim absent the compulsory counterclaim rule; 3) the same evidence will support or refute the claim and counterclaim; or 4) there is a logical relationship between the claim and counterclaim. Id. at 1530-31. Regarding the fourth criteria, a logical relationship exists if a claim arises out of the same aggregate of operative facts as the original claim in two senses: 1) the same aggregate of operative facts is the basis for both the claim and counterclaim; or 2) the aggregate core of facts upon which the original claim rests activates additional legal rights in the other party that would otherwise remain dormant. Id. at 1521.

The Court finds that Geo's claims relating to alleged non-payment for chemicals do not constitute compulsory counterclaims to GenChem's claims concerning alleged improper

disclosure of confidential information under any of these four criteria. Other than general background facts concerning the parties' business relationship, the operative facts and law related to each parties' claims are distinct. Whether or not GenChem owes Geo money for chemicals it received does not implicate the same operative facts as its claim that Geo improperly disclosed details of the transactions. Res judicata would not bar the other party's claims nor would the same evidence be required to prove each parties' claims.

The Court finds that the claims raised by each party are separate and distinct and that no legal impediment exists to prevent both suits from going forward independently as filed. This case does not present exceptional circumstances involving parallel actions proceeding simultaneously such that one action should be stayed or dismissed in favor of the other. See, e.g., Noonan South, Inc. v. County of Volusia, 841 F.2d 380, 381-82 (11th Cir. 1988).

GenChem's claims concern alleged improper disclosure of confidential information concerning the details of its purchases of chemicals from Geo and Geo's claims concern GenChem's alleged non-payment for the chemicals it purchased. That one party has a viable claim and may be entitled to off-set any damages owed to the other party does not transform its claim into a compulsory counter-claim, even though both claims arise in the context of the parties' business relationship.

The Court is of the opinion that while one validly may argue that it would be more convenient and expedient to litigate these matters in a single suit in the same court, the law does not mandate that result on the facts of this case. The Court cannot find that Geo is required to assert its claims for on-payment as compulsory counterclaims in the state court action, nor is GenChem is required to assert its claims for improper disclosure of

confidential information in the instant action, or that any other basis warrants dismissal of Geo's claims in this action in favor of GenChem's pending state court complaint. The Court thus will deny GenChem's Motion to Dismiss.

The Court also will deny Geo's motion for partial summary judgment without prejudice at this stage of the proceedings. The parties have yet to begin discovery and the Court finds that the motion for partial summary judgment is premature.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.That Defendants' Motion to Dismiss Amended Complaint (Doc.21) is denied;

2.That Plaintiff's Motion for Partial Summary Judgment (Doc. 26) is denied without prejudice; and

3.That the parties shall have until March 28, 2008, to file a Case Management Report.

**DONE AND ORDERED** this 28th day of February 2008

*Howell W. Melton*
HOWELL W. MELTON
United States District Judge

Copies to:Counsel of Record